Date signed November 19, 2010



DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore

| | | |
|---|---|---|
| In Re: | | |
| MARTIN J. MCDERMOTT | Case No. | 09-31204DK |
| | Chapter | 7 |
| Debtor | | |
| ************************************* | | |
| MARTIN J. MCDERMOTT | | |
| Plaintiff | Adversary | Proceeding No. |
| vs. | | 10-288DK |
| DB MCCULLY BAIL BONDS, INC., OWNER OF STATEWIDE BAIL BONDS, HC | | |
| Defendant | | |

**MEMORANDUM OF OPINION**

Plaintiff Martin J. McDermott, by counsel, moves pursuant to Federal Rule of Civil Procedure 56(a) for summary judgment as to Count 1 of his complaint against defendant DB McCully Bail Bonds Inc., owner of Statewide Bail Bonds, HC. The court has reviewed the pleadings and does not find that a hearing would aid the decisional process. For the following reasons, the motion is granted.

Plaintiff was a guarantor of a bail bond issued on September 11, 2008 in the case of State of

1

<u>Maryland v. Tyler Martin McDermott</u> (Plaintiff's son). A default on the bail bond resulted in the Defendant's civil judgment against the Plaintiff on the bail bond contract and the subsequent garnishment of the Plaintiff's wages by Defendant.

On November 2, 2009, Plaintiff filed for bankruptcy under Chapter 13. On November 19, 2009, Defendant was served notice of the bankruptcy case, to which it was added as an unsecured creditor. The case was converted from a Chapter 13 to a Chapter 7 on January 25, 2010. On March 5, 2010 the Chapter 7 Trustee's Report of No Distribution was filed, and there being no complaints filed objecting to discharge or to determine dischargeability of certain debts, the court entered a discharge order on May 7, 2010. Meanwhile, on May 4, 2010, Plaintiff filed this adversary case against Defendant.

Count I [1] of the complaint requests this court to avoid garnishments of plaintiff's wages in the amount of $3,553.76, which the defendant obtained within 90-days prior to the plaintiff's filing of the petition.[2] Defendant filed an answer to the complaint asserting the following defenses:

> (1) that defendant is a non-traditional creditor of the plaintiff for the assets owed and was and is still acting as an officer of the court, as such the defendant is specifically excluded from the list of creditors in a Chapter 7 filing that might otherwise be considered during the 90-day preference period, and
> (2) The defendant's position as an officer of the criminal court relieves him of any obligations to furnish payments to the bankruptcy court.

Defendant's Answer at p.2.

Before the court is Plaintiff's Motion for Summary Judgment as to Count 1. Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to bankruptcy cases by Rule 7056 of the Federal Rules of Bankruptcy Procedure, summary judgment is appropriate only if there is no

---

[1] Count II of the complaint was voluntarily dismissed by the parties.

[2] Hereafter, all code sections refer to the United States Bankruptcy Code found at Title 11 of the United States Code unless otherwise noted.

genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Lujan v. National Wildlife Federation, 497 U.S. 871, 883-84, 110 S.Ct. 3177, 3186, 111 L.Ed.2d 695 (1990); Sylvia Dev. Corp. v. Calvert County, Maryland, 48 F.3d 810, 817 (4th Cir. 1995).  In considering a motion for summary judgment the court must view all permissible inferences in a light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); Tuck v. Henkel Corp., 973 F.2d 371, 374 (4th Cir. 1992).  Summary judgment is appropriate only if, taking the record as a whole, a reasonable jury could not possibly return a verdict in favor of the non-moving party. Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

"In order to prevail on a motion for summary judgment, the moving party must establish the absence of genuine issues of material fact and that he or she is entitled to judgment as a matter of law.  If the moving party carries its burden, the nonmoving party may not rest on the allegations in his or her pleading, but must produce sufficient evidence that demonstrates that a genuine issue exists for trial."  Young v. Federal Deposit Ins. Corp., 103 F.3d 1180, 1186 (4th Cir. 1997)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)).

Section 547(b) provides:

> [T]he trustee may avoid any transfer of an interest of the debtor in property-
>     (1) to or for the benefit of a creditor;
>     (2) for or on an account of an antecedent debt owed by the debtor
>     before such transfer was made;
>     (3) made while the debtor was insolvent
>     (4) made-
>         (A) on or within 90 days before the date of the filing of the
>         petition; or
>         (B)  between ninety days and one year before the date of the
>         filing of the petition, if such creditor at the time of such transfer was
>         an insider; and
>     (5) that enables such creditor to receive more than such creditor
>     would receive if—

     (A) the case were a case under chapter 7 of this title;
     (B) the transfer had not been made; and
     (C) such creditor received payment of such debt to the extent provided by the
   provisions of this title.

11 U.S.C. § 547(b).  In addition, Section 547(f) states that a "debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition."

  In Count 1 of the Plaintiff's complaint, Plaintiff alleges that a total of $3,553.76 was garnished by Defendant beginning on August 14, 2009 and ending on October 23, 2009.  There is no factual dispute that the pre-petition garnishments created a transfer to the benefit of a creditor on account of an antecedent debt.  Defendant had obtained a civil judgment for money owed under the Plaintiff's pre-petition guaranty and then obtained a lien interest in the Plaintiff's wages to partially satisfy that pre-petition antecedent judgment debt.  Nor is there a factual dispute that by the pre-petition garnishments, Defendant obtained dollar for dollar payment of the portion of judgment debt satisfied by the garnishments thus constituting a 100% recovery of that part of the antecedent debt.  The Trustee has filed a report of no assets for distribution in the underlying bankruptcy case indicating other creditors will recover zero for unsecured claims.[3]

  The Plaintiff's Chapter 13 petition was filed on November 2, 2009, which would bring the period during which Defendant garnished Plaintiff's wages within the 90 day time frame allotted under Section 547(4)(A). Furthermore, Defendant has not presented any facts or evidence to prove that Plaintiff was not insolvent during this period. Therefore, the pre-petition garnishments are avoidable pursuant to Section 547.

  While Plaintiff did not file an amended complaint, in the Joint Stipulations of Fact both

---

[3] Plaintiff has standing to bring this adversary proceeding under Section 522(g) and (h), for Plaintiff's benefit as exempt property.

parties acknowledged that an additional amount of $1,771.18 was garnished by Defendant during the period from November 6, 2009 through December 4, 2009.[4] These transactions occurred post-petition. Plaintiff in his motion for summary judgment asserts these post-petition transfers are avoidable pursuant to Section 549.

> Section 549(a) states:
>
> Except at provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate-
>     (1) That occurs after the commencement of the case; and
>     (2)(A) that is authorized only under section 303(f) or 542(c) of this title; or
>     (B) that is not authorized under this title or by the court.

11 U.S.C. § 549(a).

All of the required elements of Section 549 are clearly established by the stipulated facts. Upon the filing of the bankruptcy petition, Section 362 created an automatic stay prohibiting creditors from just the type of collection action that defendant continued to effectuate by the post-petition garnishments. When a debtor files a petition under Sections 301, 302 or 303, the petition operates as a stay against any actions to "collect, assess, or recover a claim against the debtor" that arose before the filing of the petition.[5]

Defendant's Answer and separately filed document entitled: Defendant's Core Issue Argument (p.

---

[4] The post–petition transfer amount of $1,771.81 was included in the summary of damages in the Plaintiff's memorandum.

[5] Section 362(a) provides:
(a) . . . a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of—(1)The commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."
11 U.S.C. § 362(a)(1).

9)[6] recites a mishmash of arguments that are not analytically related to the issues of this adversary proceeding or not legally supportable.[7]

    Defendant's governmental unit argument is expressed in terms of non-dischargeability pursuant to Section 523. The issue of whether the Defendant's claim arises from a non-dischargeable debt is inapposite to this adversary proceeding.[8] The automatic stay prohibited Defendant from acting to collect its claim post-petition until/unless the stay was terminated. Although not specifically alluded to by the Defendant's pleading, a governmental unit may be excepted from the automatic stay pursuant to Section 362(b)(4) where such governmental unit is enforcing police and regulatory power, but not including enforcement of a money judgment. This exception to the automatic stay is inapplicable to the Defendant's actions for two clear reasons. First, as a private entity enforcing a contractual guaranty against Plaintiff, Defendant was not acting as a governmental unit enforcing a police power. Secondly, Defendant was acting to enforce a

---

[6] To the extent the title of pleading 9 intends to dispute that this adversary proceeding is a core proceeding in which this court can enter a final judgment, 28 U.S.C. § 157(b)(2)(F) and (O) clearly establish that this adversary proceeding is a core proceeding.

[7] Defendant's Core Issue Argument asserts that ". . . its status as a bail bondsman provides it a unique status that the bankruptcy code protects beyond being merely a creditor." Defendant argues that due to his "unique status" the garnishment of the Plaintiff's wages did not violate the automatic stay provision of Section 362. Therefore, Defendant believes that the garnished wages fall within one of the exceptions to discharge under Section 523.

[8] In addition the Defendant's assertion as to non-dischargeable debt appears unfounded. The Defendant's status as a bail bondsman in this case does not qualify him as a "governmental unit" for the purposes of Section 523. On point is In re Sandoval, 541 F.3d 997 (10th Cir. 2008), a case filed by a bail bondsman seeking non-dischargeability determination in respect to payments from a Chapter 7 debtor. The court denied the bail bondsman's request for status as a "governmental unit" and held that "stepping into the shoes' of the State as a subrogee avails the Bondsman nothing in regard to the dischargeability of the debt and fails to afford the Bondsman status as a governmental unit." Id. at 1001. The court went on further to note that "exceptions to discharge are not to be narrowly construed, and because of the fresh start objectives of bankruptcy, doubt it to be resolved in the debtor's favor." Id. Therefore, the Defendant's status as a bail bondsman dose not qualify him as a governmental unit under Section 523.

money judgment.  Therefore, the post-petition garnishments violated the automatic stay and were transfers that were not authorized under Title 11 of the United States Code for purposes of Section 549(a)(2)(B).  Accordingly, the court finds that the post-petition garnishments constitute avoidable transfers under Section 549.

The remedies available to the Plaintiff to redress avoidable transfers under both Sections 547 and 549 include those remedies described in Section 550.  Section 550 provides that Plaintiff may recover the property transferred, or its value from the transferee.  In other words, Plaintiff is entitled to a money judgment against the defendant for both the pre and post-petition garnishments.

For these reasons, judgment shall be entered in favor of Plaintiff and against Defendant in the amount of $5,325.57.


cc:    All Counsel
       All Parties


**End of Order**